Filed 2/18/26  P. v. Tuthill CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065149 |
| v. | (Super. Ct. No. 96WF2856) |
| LESTER CLARENCE TUTHILL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Lance P. Jensen, Judge. Reversed and remanded with instructions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General,

A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Appellant.

*       *       *

Lester Clarence Tuthill appeals the trial court's denial of his petition to recall his sentence and resentence him pursuant to Penal Code section 1172.75.[1] The Attorney General agrees that Tuthill is entitled to full resentencing, applying revised penalty provisions of the Three Strikes Reform Act of 2012 (the Reform Act). We reverse the postjudgment order and remand for resentencing.

PROCEDURAL HISTORY

In 1997, Tuthill was convicted after a bench trial on four counts: (1) being a felon in possession of a firearm (former § 12021, subd. (a); count 1); (2) possession of a short-barreled shotgun (former § 12020, subd. (a); count 2); (3) possession of a controlled substance (Health & Saf. Code, §11377, subd. (a); count 3); and (4) escape from custody without the use of force (§ 4532, subd. (b); count 4). The court also found true sentencing enhancement allegations that Tuthill had a previous conviction for assault with a firearm (§ 245, subd. (a)(2)), and four previous robbery convictions (§ 211). Tuthill was originally sentenced to a total of 54 years and eight months to life in prison as follows: consecutive terms of 25 years to life on counts 1 and 4, eight months on count 3, plus four consecutive one-year terms for the prior prison term enhancements under former section 667.5, subdivision (b). The sentence for count 2 was stayed under section 654.

In March 2013, Tuthill filed a petition seeking resentencing of his two indeterminate life sentences (counts 1 and 4) pursuant to section

_____

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

1170.126. The trial court dismissed the petition, finding him statutorily disqualified as to both counts 1 and 4 under section 1170.126, rather than disqualifying him from resentencing on count 1 alone. Tuthill then appealed. Another panel of this court agreed Tuthill was ineligible for resentencing on count 1 based on section 1170.126, but reversed and remanded with directions to the trial court to resentence Tuthill on count 4 after that court determined whether resentencing would pose an unreasonable risk of danger to public safety pursuant to section 1170.126, subdivision (f). (*People v. Tuthill* (Oct. 13, 2015, G050469) [nonpub. opn.].) In July 2016, the trial court found that resentencing Tuthill would pose an unreasonable danger to the public and declined to resentence Tuthill.

In June 2024, Tuthill filed a motion for resentencing pursuant to section 1172.75, a statute enacted after his prior request for resentencing. The matter was briefed extensively, and a hearing was held in January 2025. At that hearing, the trial court dismissed the prior prison term enhancements, reducing his sentence by four years. It also suspended the eight–month sentence on count 3 but declined to resentence Tuthill on counts 1 and 4.

The trial court found, based on conflicting differences between sections 1170.126 and 1172.75, that section 1172.75 unconstitutionally amended section 1170.126. "Even if this court were to speculate that in passing section 1172.75[, subd. (d)] the [Legislature] intended defendants to be resentenced anew under the three-strikes law in effect at the time of the section 1172.75 resentencing, its intent to do so would unconstitutionally amend [section] 1172.126." The court therefore denied Tuthill's request for resentencing. Tuthill timely appealed.

3

DISCUSSION

The Reform Act "limited indeterminate life sentences for nonserious, nonviolent third strike offenses." (*People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 849 (*Guevara*).) Pursuant to the Reform Act, codified at section 1170.126, a defendant can petition for a recall of sentence and request resentencing. (*Guevara,* at p. 849.) In 2021, section 1172.75 was enacted by the Legislature, directing courts resentencing defendants to use currently applicable sentencing rules and to "apply any other changes in law that reduce sentences or provide for judicial discretion" with a goal of eliminating "disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

After the enactment of section 1172.75, many courts addressed the relationship between sections 1170.126 and 1172.75, specifically whether the latter unconstitutionally amended the former. In *Guevara*, the Supreme Court held that because section 1172.75 incorporates the consideration of the danger to public safety inherent in section 1170.126, the two statutes "operate harmoniously," and section 1172.75 is therefore constitutional and a valid, applicable statute under which a defendant may request resentencing. (*Guevara, supra*, 18 Cal.5th at p. 850.)

On appeal, Tuthill argues, as he did below, that section 1172.75 requires the trial court to apply current sentencing guidelines. He further argues counts 1 and 4 are neither serious nor violent crimes pursuant to current law (see §§ 667, 667.5, subds. (c)(1)–(24), & 1192.7, subd. (c)), and therefore requests the case be remanded to the trial court for another sentencing hearing with directions to either dismiss all five strike convictions found by the trial court at his original sentencing (one strike for violation of

4

section 245, subdivision (a)(2), and four strikes based on section 211) or resentence him as a one-strike defendant.

The Attorney General concedes that, under *Guevara*, Tuthill is entitled to a full resentencing under current sentencing guidelines, and the case should be remanded for that purpose. However, the Attorney General contends the trial court should not be directed to dismiss Tuthill's strike convictions. Rather, the trial court should be given the opportunity to first determine Tuthill's "dangerousness pursuant to section 1170.126 on the escape count." We agree the matter should be remanded for reconsideration by the trial court. We decline Tuthill's request to give specific instructions to the trial court regarding dismissal of strikes or how to resentence him. The only directions to the trial court are to consider the question of dangerousness inherent in section 1172.75, subdivision (d)(1), and that any resentencing be consistent with current sentencing guidelines and the Supreme Court's ruling in *Guevara*.

*Guevara* further held that section 1172.75 requires a defendant to show he or she "can satisfy the *substantive* eligibility criteria established in section 1170.126." (*Guevara, supra*, 18 Cal.5th at p. 877, italics added.) As noted, Tuthill was previously denied resentencing on count 1 based on certain disqualifying subdivisions of section 1170.126, and that denial was upheld on appeal. (*People v. Tuthill, supra*, G050469.) *Guevara* intentionally and specifically refrains from determining whether this type of disqualification is the sort of *substantive* eligibility criteria referenced in section 1172.75 or whether it is merely a *procedural* requirement not to be followed in applying section 1172.75. (*Guevara, supra*, at p. 870, fns. 12, 13.)

This question was not presented to or decided by the trial court and is therefore beyond the scope of the issues raised on appeal.

## DISPOSITION

The postjudgment order denying Tuthill's petition for recall and resentencing is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Upon resentencing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


BANCROFT, J.*

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6